IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GEORGE PAR, and IVYR PLLC d/b/a PAR RETINA,<br><br>        Plaintiffs,<br>v.<br><br>WOLFE CLINIC, P.C., JARED S. NIELSEN, KYLE J. ALLIMAN, and DAVID D. SAGGAU,<br><br>        Defendants. | No. 4:21-cv-00290-RGE-SBJ<br><br>ORDER RE: PLAINTIFFS' MOTION TO AMEND THE JUDGMENT |

The Court granted Defendants' partial motion to dismiss, dismissing Plaintiffs' antitrust claim (Count I), fraudulent inducement (Count X), and recission (Count XII). Order, ECF No. 87. The Court declined to exercise jurisdiction over Plaintiffs' remaining state law claims for breach of paragraph 7 of the Settlement Agreement (Count II), breach of paragraph 9 of the Settlement Agreement (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), defamation per se (Count V), defamation by omission (Count VI), false light (Count VII), intentional interference with a contract (Count VIII), intentional interference with business relations (Count IX), civil conspiracy (Count XI), and punitive damages (Count XIII). *Id.* at 40–41. The Court remanded these claims to state court. *See id.* at 39–40. Plaintiffs now move to amend or alter the judgment to permit them leave to amend their complaint to address the shortcomings the Court identified in its order. Mot. Am. or Alter J., ECF No. 90.

In its Order granting Defendants' partial motion to dismiss, the Court erroneously remanded Plaintiffs' state law claims. Plaintiffs originally filed their action in this Court. Compl., ECF No. 1. The Court exercised federal question jurisdiction over Plaintiffs' federal antitrust claim. *See* 28 U.S.C. § 1331. The Court exercised supplemental jurisdiction over Plaintiffs' state

law claims. *See* 28 U.S.C. § 1367. The Court could not remand the case to a state court; Defendants did not remove it. Instead, after dismissing Plaintiffs' antitrust claims giving rise to federal question jurisdiction, the Court should have dismissed the remaining state law claims for lack of jurisdiction. *Cf. In re Canadian Import Antitrust Litigation*, 470 F.3d 785, 792 (8th Cir. 2006) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually 'will point toward declining to exercise jurisdiction over the remaining state law claims.'"). The Court amends its order to dismiss Plaintiffs' remaining state law claims for lack of jurisdiction.

The Court now turns to Plaintiffs' motion. Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact . . . ." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "[P]ost-judgment leave to amend may be granted if timely requested." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). "[D]istrict courts in [the Eighth] [C]ircuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *Id.* at 824. "Interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823 (internal quotation marks and citation mitted). Although a party may file a motion for leave to amend after issuance of the final judgment, "such a motion [is] . . . inappropriate if the court has clearly indicated that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam) (internal quotation marks and citation omitted).

Plaintiffs timely filed their motion to alter or amend the judgment. *See* Fed. R. Civ. P. 6(a)(1), 59(e). The Court entered judgment on May 16, 2022, and Plaintiffs filed their motion on June 13, 2022. *See* J., ECF No. 88; ECF No. 90. Plaintiffs, however, point to no manifest errors of law or fact in the Court's order warranting amendment of the judgment. *Cf. Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933. Additionally, as explained above, the Court determined dismissal of Plaintiffs' antitrust claim constituted dismissal of Plaintiffs' action for lack of subject matter jurisdiction. *Cf. Dorn*, 767 F.2d at 443. As such, the Court declines to amend the judgment to permit Plaintiffs to amend their complaint.

**IT IS ORDERED** that the relief sought by Plaintiffs George Par and IVYR PLLC d/b/a/ Par Retina's Motion to Amend or Alter the Judgment, ECF No. 90, is **DENIED**. Nevertheless, the Court rectifies its own error by amending the Judgment to dismiss all of Plaintiffs George Par and IVYR PLLC d/b/a Par Retina's claims.

**IT IS FURTHER ORDERED** that the Order Granting Defendants' Partial Motion to Dismiss and Remanding Remaining Claims, ECF No. 87, is **AMENDED** to dismiss Plaintiffs' remaining claims for lack of subject matter jurisdiction.

The Clerk of Court for the Southern District of Iowa is directed to amend the judgment to reflect the dismissal of all claims.

This case remains closed.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE